## William Nunes and J. Smith Lomilino v. C. Howard Russell and Alpheus E. Lyon, Partners.

1. PROMISSORY NOTES—*Alteration of Indorsement.*—Where the payee of a promissory note, before maturity, made an indorsement upon it to the effect that he had sold a portion of it to the plaintiff, and authorized a bank to collect and pay over such portion without recourse on him, and before suit the plaintiff struck out all the indorsement except the words "without recourse" and the signature of such payee, *it was held* that in this condition the note must be regarded as being transferred to the plaintiff after maturity.

Assumpsit, on promissory note. Error to the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

OWEN P. THOMPSON and GEO. W. SMITH, attorneys for plaintiffs in error, contended that appellees took the note with notice. Crooker, the payee and assignor of the note, was a stranger to them, but they knew that he was an agent for the sale of a patent right; they made no inquiries of the maker; they had no occasion to. Taylor v. Atchison, 54 Ill. 196; Smith v. Munrich, 21 Ill. App. 323.

One who receives a note under circumstances which should induce a prudent man to inquire, takes it subject to any equities between prior parties. Prins v. South Branch Lumber Co., 20 Ill. App. 236.

MORRISON & WORTHINGTON, attorneys for defendants in error, contended the judgment should be affirmed, for the reason plaintiff in error has furnished no sufficient abstract;

citing Mallers v. Crane Elevator Co., 57 Ill. App. 283; Lake
v. Lower et al., 30 Ill. App. 500; Vocke v. Peters, 58 Ill.
App. 338; Woven Cord Bed Spring Co. v. Coxedge, 50 Ill.
App. 334; Florez v. Brown, 37 Ill. App. 270; Hanchett v.
Riverside Dis. Co., 15 Ill. App. 57.

The abstract as made must be taken as presenting all the
points the plaintiff in error relies upon. Railway Co. v.
Wolf, 137 Ill. 360; Wabash Railway Co. v. Smith, 58 Ill.
App. 419; Aylesworth v. Moore, Id. 569.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was assumpsit on a promissory note executed by the
plaintiffs in error to H. D. Crooker, and by him indorsed to
defendants in error. The note was for the sum of $500,
dated February 15, 1893, due six months thereafter.

The defendants, by their plea, denied the assignment of
the note and also filed special pleas, alleging that the note
was indorsed to the plaintiffs after maturity, and that the
consideration for which it was given had wholly failed. On
trial by jury there was a verdict for plaintiffs for $335, and
a motion for new trial having been denied, judgment was
rendered for the plaintiff according to the verdict to reverse
which this writ of error is prosecuted.

It appears that the note was made by the defendants as
alleged and delivered to said Crooker, the payee, and that
before the maturity thereof he delivered it to the plaintiffs
with the following indorsement upon it:

May 24, 1893.

This is to certify that I have this day sold to Russell &
Lyon three hundred and eighty-five dollars ($385) of the
within note and interest on same from this date, and author-
ize the Jacksonville National Bank to collect same and turn
over said share to Russell & Lyon without recourse to me.

H. D. CROOKER.

This was intended to be in payment of $385 then owing
by him to the plaintiffs.

The note was thereupon placed in the bank for collection.
After it had matured it was taken out of the bank and

Nunes v. Russell.

placed in the hands of an attorney to be sued upon, and, probably at his suggestion, but with the consent and in the presence of Crooker and one of the plaintiffs representing the firm, all of the indorsement was stricken out except— " without recourse to me—H. D. Crooker," and it was in this condition when the suit was brought. It may, therefore, be regarded as being assigned and transferred to the plaintiffs after maturity. At least the defendants could not object to that view of it. We deem it not necessary to consider what rights the plaintiffs acquired by the original indorsement which did not purport to transfer the whole but only a part of the note.

Did the defendants establish their defense of a total failure of consideration ?

It appears the consideration was a written contract by which the payee, Crooker, sold to the defendants the right to vend a certain patent invention within certain territory, and the defense seems to be, if anything, that the machine was not salable at the price fixed by the contract, because other parties were selling by virtue of contracts from Crooker at lower prices.

It does not appear that, by the contract in question, the defendants had the exclusive right to sell, nor that Crooker therein agreed that others should not sell at lower prices. There was no failure of the consideration, that is, no total failure, but at most only a partial failure. But it is difficult to see how even a partial failure is shown by the proof.

There appears to be no breach of warranty nor any fraud in the making of the contract. The utmost shown by defendants, as shown by the testimony in the abstract, is, that after the making of the contract, and after defendants found that other parties were selling for less than the minimum price fixed in their contract, they complained to Crooker about it and he would do nothing; afterward he said he would protect them in sales for less than the price fixed; and that they afterward bought three machines from Crooker's agents at lower prices. What he said after the contract had been made was voluntary merely and could

not, in any event, affect what had already transpired, and, conceding that it might bind him as to subsequent transactions, which we do not think it necessary to determine, there is no proof that more than three sales were made at lower prices, and the damages therefor would be but trifling.

The real trouble seems to be that the defendants entered into an arrangement which did not sufficiently protect them under the conditions that thereafter appeared, and they probably had an exaggerated idea of the selling value of the machine. Perhaps, also, they over-estimated their ability as canvassers and salesmen—or under-estimated the difficulties of a business with which they were not familiar.

In such case they have only their own improvidence or want of judgment to blame for the result.

They can not claim the consideration totally failed—nor is there anything very definite upon which to estimate the extent of the partial failure, if any such there was.

By the verdict of the jury they were, however, relieved of a very substantial portion of the note. As to this, the plaintiffs made no complaint below, and have not assigned cross-errors here.

No complaint is made in the brief as to the rulings of the court on the admission of evidence or the giving of instructions. We find nothing in the record of which plaintiffs in error may justly complain, and therefore the judgment will be affirmed.